THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DOUGLAS STRODE, Defendant-Appellant.

(No. 11887;

Fourth District—August 13, 1973.

John E. Gambill and James R. Blunk, both of Rantoul, for appellant.

Lawrence E. Johnson, State's Attorney, of Urbana, (Thomas L. Knight, Assistant State's Attorney and Scott Murphy, Senior Law Student, of counsel,) for the People.

Mr. JUSTICE SMITH delivered the opinion of the court:

The defendant was found guilty by a jury in a criminal action charging him with violating Ill. Rev. Stat. 1971, ch. 95½, par. 6—303, which prohibits driving a motor vehicle while the operator's license was suspended or revoked. The sentence imposed by the trial court was proba-

tion. The defendant here appeals from the judgment entered on the guilty verdict. We affirm.

After appropriately and properly waiving two assignments of error, there remains two for our consideration. First, did the trial court err in refusing to admit defendant's exhibits 2 and 3 into evidence. They pertained to copies of the Secretary of State's letters mailed to the defendant at two different addresses. Secondly, whether the trial court erred in giving People's instruction #8 and refusing to give defendant's instructions #3, 6, 7, 8, and 9. Neither contention can successfully have stature in a factually sterile seedbed. Defendant's license was revoked in 1960 and he had notice of it.

■■■ The defendant tendered in evidence his exhibits 2 and 3. Number two related to certified copies of the Secretary of State's records showing that on June 17, 1971, a letter was mailed to the defendant at 1506 North Mattis in Champaign and that a week later on June 24, 1971, the Secretary of State mailed a letter containing the order extending the period of revocation of the defendant's drivers license to a different address in Champaign. (Exhibit No. 3.) From this he argues that the notice required under ch. 95½, par. 6—209 and 6—211, was not given and hence the State failed to prove a necessary element of the offense, that is, that to convict the State must establish that the defendant had knowledge of a revocation or suspension. Only two factors are required to establish guilt in a violation of the subject statute, that is, the act of driving a motor vehicle on a public highway and the fact of the suspension of the driving license. (*People v. Dillingham*, 111 Ill.App.2d 161, 249 N.E.2d 294.) The defendant's intent, knowledge, moral turpitude, or motive is immaterial on the question of guilt. The only intention necessary to render a person liable to a penalty for violation of the automobile law is the doing of the act prohibited. (*People v. Espenscheid*, 109 Ill.App.2d 107, 249 N.E.2d 866.) The exhibits rejected have no bearing on this case. The record demonstrates that the defendant knew that his license has been revoked. Such being the case, questions of due process do not arise. Revocation implies a permanent ending of the license to drive, and the statute clearly suggests that a new license would have to be acquired rather than there existing an automatic revival of its validity. (*People v. Suddoth*, 52 Ill.App.2d 355, 202 N.E.2d 120.) The letters denied admission were not notice of initial revocation but notices of an extension of revocation. The defendant here knew that he had no drivers license in his possession. He presented none to the arresting officer, and he knew that he had made no application for a new license. His argument that these exhibits have any bearing upon his violation

of the statute under the circumstances stated in this record is purely an abstract philosophy with no bearing on the issue.

■■ From what is said above makes it clear that the instructions of the defendant which were refused were properly refused. Instruction #3 relates to the duty of the Secretary of State to notify a driver of suspension or revocation. Under the circumstances here, the instruction has no application. Instructions 6, 7, 8, and 9 elaborate on the defendant's contention that notice being sent to the defendant's last known address is a prerequisite for convicting him of the offense here charged, and seeks to establish that a third element of the statutory charge is proof of notice. People's instruction #8 was a proper statement of the issues here presented for trial.

For the reasons stated, the judgment of conviction should be and the same is hereby affirmed.

Judgment affirmed.

CRAVEN, P. J., and SIMKINS, J., concur.