THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JOHN FINTON STEVENS, Defendant-Appellant.

Third District   No. 3—83—0677

Opinion filed July 20, 1984.—Rehearing denied August 22, 1984.

HEIPLE, J., dissenting.

John H. Bisbee, of Macomb, for appellant.

Bruce W. Black, State's Attorney, of Pekin (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE SCOTT delivered the opinion of the court:

The defendant, John Finton Stevens, was convicted of driving while license suspended. (Ill. Rev. Stat. 1983, ch. 95½, par. 6—303). He was sentenced to 270 days' imprisonment in the Tazewell County Jail and a fine of $100. The defendant appeals his conviction, raising issues related to the Secretary of State's notice that the defendant's license was suspended.

On December 21, 1982, the defendant was issued a citation for driving while license suspended. The defendant filed a pretrial motion

to dismiss alleging that the statute, both on its face and as applied, is void and unconstitutional as a violation of due process. The motion condemned the statute because it allows conviction regardless of whether the defendant received notice of revocation. On July 8, 1983, the trial court heard and denied the motion.

According to the defendant's report of proceedings, at the July 27, 1983, bench trial on the citation, the arresting police officer testified for the State. The State also introduced, over the defendant's objection, a certified copy from the Secretary of State (hereinafter Secretary), of an order suspending the defendant's driver's license from December 9, 1982, to June 9, 1983. The Secretary's order of suspension states that notice of the suspension was mailed to the defendant on December 2, 1982. The order bears no receipt for a prepaid postage mailing to the defendant's last known address.

At trial the defendant testified in his own behalf. He sought to give evidence regarding his lack of notice of the suspension. The State objected to the testimony, and the court sustained the objection. The court found the defendant guilty as charged.

In his first issue the defendant argues generally that a valid conviction for driving while license suspended requires that the defendant was given proper notice of the fact of his suspension. The specifics of his argument are a bit unclear. The State makes a reasonable interpretation of the defendant's opening brief and addresses the question whether the court properly excluded evidence that the defendant did not receive actual notice of suspension.

The State correctly argues that the offense of driving while license suspended involves absolute liability. Conviction requires only proof that the defendant drove in violation of the statute at the time his license was suspended. (*People v. Espenscheid* (1969), 109 Ill. App. 2d 107, 249 N.E.2d 866.) The defendant's actual receipt of notice or knowledge of suspension is immaterial to the offense. *People v. Twitty* (1975), 25 Ill. App. 3d 1065, 324 N.E.2d 222.

However, the State's argument does not dispose of the issue. It appears that, beyond the argument which the State addresses, the defendant takes the position that there is no suspension unless the Secretary complies with statutory notice requirements. (Ill. Rev. Stat. 1983, ch. 95½, pars. 6—206, 6—211.) The defendant argues, then, that the Secretary's record that his office mailed notice of suspension to the defendant merely raises a rebuttable presumption of proper notice. The defendant argues that he should have been allowed to challenge the suspension underlying the instant conviction by presenting evidence rebutting the presumption that the Secretary complied with

statutory notice requirements.

We address the argument only briefly. The defendant relies in his argument on two opinions published only in abstract form. As the defendant does not provide this court with copies of the opinions' texts, we need not consider them. Uniform Appellate Rule 8, Ill. Rev. Stat. 1983, ch. 110A, par. 908; *Chapman v. Foggy* (1978), 59 Ill. App. 3d 552, 375 N.E.2d 865.

We now address the defendant's second issue. The defendant's precise theory is unclear. We determine, however, that the defendant presents alternative arguments. We interpret the argument as framed by the opening brief to be that due process of law under both the fourteenth amendment of the United States Constitution and the Illinois Constitution requires that a defendant receive actual notice of his suspension before he can be convicted under the instant statute. The defendant contends that he did not receive proper notice. He argues, then, that if his conviction and jail sentence stand, he will have been deprived of his elemental liberty interest without having had either notice of suspension or an opportunity to prove that he had no notice.

The defendant cites substantial authority on the due process roles of notice and hearing. We, however, are not persuaded by his presentation.

■ We note that the Supreme Court of Illinois has recently upheld the constitutionality of other statutes imposing strict liability. (*People v. Brown* (1983), 98 Ill. 2d 374, 457 N.E.2d 6; *People v. Ziltz* (1983), 98 Ill. 2d 38, 455 N.E.2d 70.) Based upon these cases, we conclude that due process does not require that a defendant convicted under the instant statute receive actual notice of suspension.

In *Brown*, the court upheld the constitutionality of section 4—102(a)(4) of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 4—102(a)(4)). That statute creates the offense of possessing a motor vehicle with its vehicle identification number removed or falsified. The statute applies to a possessor of such a vehicle who has no knowledge that the number is removed or falsified. In upholding the statute as a valid exercise of police power, the *Brown* court determined that the statute fell into the category of regulatory measures designed to promote the public welfare and safety.

In *Ziltz*, the court upheld section 11—501(a)(1) of the Illinois Vehicle Code, which provides that one shall not drive or be in actual physical control of any vehicle when the alcohol concentration in his blood or breath is 0.10 or more. (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501(a)(1).) The offense includes no mental state.

The instant statute prohibits certain driving by any person whose driver's license is revoked or suspended. The Illinois Vehicle Code does

not require that the defendant driver has received actual notice of his suspension. In that sense, the statute imposes strict liability for a driver of a motor vehicle who is currently deprived of his license to drive.

This statute bears a reasonable relationship to the interest of protecting persons and property who might be injured by the driving of disqualified persons. Furthermore, the means which the statute adopts is a reasonable method of accomplishing the desired objective. We do not believe this provision is an arbitrary or unreasonable use of the police power.

■ Finally, we address what seems to be the defendant's alternative argument: that due process required he be allowed to present evidence to rebut the presumption established by the Secretary's records. The presumption which the defendant argues he sought to rebut was that the Secretary had given statutory notice of suspension so that the defendant's license was, in fact, suspended.

We note at the outset that the defendant presents no authority which we need consider that the Secretary's certification of proper notice establishes a rebuttable presumption of such notice. We also note that with regard to notice evidence, the defendant's proposed report of proceedings merely states that the trial court refused the defendant's testimony "regarding his lack of notice of the suspension." The briefs refer to the defendant's complaint that the Secretary's certificate of suspension bears no receipt of postpaid mailing of notice to an appropriate address. The record does not show, however, whether the trial court excluded the defendant's testimony as irrelevant evidence of actual notice or as irrelevant evidence of statutory notice. The record also does not show that the defendant made an offer of proof of the specific evidence he sought to present.

An appellant has an affirmative duty to preserve and present an adequate record so that his claim of error can be reviewed. Absent adequate presentation of the record, every reasonable intendment against the defendant is presumed on appeal. (*People v. Oelschlager* (1980), 85 Ill. App. 3d 695, 407 N.E.2d 222.) Based on the record before us, we cannot find that the defendant's due process rights were violated by his conviction.

For the reasons stated, the judgment of the circuit court of Tazewell County is affirmed.

Affirmed.

ALLOY, P.J., concurs.

JUSTICE HEIPLE, dissenting:

A person cannot be guilty of driving while license suspended unless his license has actually been suspended. A license is not suspended until the Secretary of State says so. Thus, an administrative act of the State is a prerequisite to the offense. Because the State makes the final determination as to when a suspension becomes effective, the State is required to give notice of a suspension in writing mailed to the driver's last known address. (Ill. Rev. Stat. 1981, ch. 95½, par. 6—206(c)(1).) The issue before us is the relevance of a defendant's allegation that he did not receive notice of suspension.

The majority holds that notice is merely part of a defendant's mental state. Driving while license suspended is a strict liability offense. It requires no mental state. Therefore, the majority argues that a defendant's lack of notice is irrelevant because it merely establishes that the offense was committed unknowingly.

If notice is irrelevant, then why require it in the first place? Notice is not optional, it is mandatory, as it should be when an administrative act must precede the offense. To say that notice is irrelevant because a defendant is charged with an offense which is *malum prohibitum* merely ignores the argument. Although the question of notice necessarily involves a defendant's state of mind, notice is more properly associated with procedural due process. If the State makes a *prima facie* showing of compliance with section 6—206(c)(1) and yet the defendant fails to receive actual notice, has the defendant received due process? I think not. The problem is then compounded when courts refuse to permit the defendant to attempt to prove lack of notice. This is fundamentally unfair, especially when the offense carries with it a potential jail term.

If the notice requirement is to have any meaning, a defendant who claims to have received no actual notice must be permitted to present his proof in court. Under the present statute, the dispute over notice would boil down to the State's word against the defendant's. The State would show that notice was deposited in the mail, postage prepaid, and the defendant would respond that he never received it. The only way to avoid such a dispute is by legislative amendment requiring that notice be sent by certified mail. Of course, the burden would be on the defendant to prove that he kept the State apprised of his current address. Just as it is unfair to deny a defendant actual notice of a suspension, it would also be unfair to expect the State to keep track of a person in our highly mobile society without notice of change of address.

For these reasons, I would remand the cause in order to permit the defendant to offer evidence of his alleged lack of notice. Therefore, I respectfully dissent.