THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MITCHELL S. LOPEMAN, Defendant-Appellant.

Third District    No. 3—95—0485

Opinion filed May 17, 1996.

Robert C. Strodel (argued), of Law Offices of Robert C. Strodel, Ltd., of Peoria, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Terry A. Mertel (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LYTTON delivered the opinion of the court:

Defendant, Mitchell S. Lopeman, was arrested for driving under the influence of alcohol (DUI) (625 ILCS 5/11—501(a)(2) (West 1994)) on March 9, 1995. The deputy sheriff asked defendant to submit to a breath test to determine the level of alcohol in his body; defendant refused to consent. Due to his refusal, defendant was served with a notice of statutory summary suspension of his driver's license. See 625 ILCS 5/11—501.1 (West 1994). The arresting officer filed a report indicating that he had found defendant's car in a ditch and that defendant had refused to submit to the breath test. The report also stated that defendant had a strong odor of alcohol on his breath, slurred his speech, exhibited instability in walking and standing, and "failed all field sobriety tests given."

Pursuant to the summary suspension statute, defendant's driver's license was suspended for six months beginning April 24, 1995. On May 11, 1995, defendant filed a motion to dismiss the DUI charge, alleging that the suspension of his license constituted former jeopardy and that a later criminal prosecution would violate the double jeopardy clauses of the United States and Illinois Constitutions. See U.S. Const., amend. V; Ill. Const. 1970, art. I, § 10. The trial court denied the motion to dismiss, and defendant appeals. We affirm and remand for further proceedings.

■ The double jeopardy clause is violated and one proceeding is barred only when three conditions are met: (1) the civil action constitutes "punishment" for purposes of double jeopardy, (2) the civil and criminal proceedings are based on the same offense, and (3) there are separate civil and criminal proceedings. *In re P.S.*, 169 Ill. 2d 260, 272-73, 661 N.E.2d 329, 335-36 (1996).

The court in *People v. Fasbinder*, 278 Ill. App. 3d 855, 858 (1996), recently rejected a similar double jeopardy argument regarding a DUI prosecution from a defendant whose driver's license had been summarily suspended. The *Fasbinder* court relied on the analysis in *People v. Dvorak*, 276 Ill. App. 3d 544, 658 N.E.2d 869 (1995), to uphold the validity of dual administrative and criminal proceedings.

The court in *Dvorak* noted that " 'whether a given civil sanction constitutes punishment in the relevant sense requires a particularized assessment of the penalty imposed and the purposes that the penalty may fairly be said to serve.' " *Dvorak*, 276 Ill. App. 3d at 547, 658 N.E.2d at 873, quoting *United States v. Halper*, 490 U.S. 435, 448, 104 L. Ed. 2d 487, 501, 109 S. Ct. 1892, 1901 (1989). The court recognized that Illinois courts have upheld the suspension of a defendant's professional license even after a related criminal conviction. *Dvorak*, 276 Ill. App. 3d at 551, 658 N.E.2d at 876, citing *Kaplan*

*v. Department of Registration & Education*, 46 Ill. App. 3d 968, 975, 361 N.E.2d 626, 631 (1977) (suspending a professional license and prosecuting a criminal charge do not constitute double jeopardy). Acknowledging that courts in many other states had upheld similar DUI-related proceedings, the court found that although the suspension of a driver's license "may have the incidental effect of deterring impaired drivers," the summary suspension statute is "fairly characterized as a remedial civil sanction rather than as punishment for double jeopardy purposes." *Dvorak*, 276 Ill. App. 3d at 551, 658 N.E.2d at 875-76. Thus, the separate administrative and criminal proceedings in this case did not violate defendant's double jeopardy rights.

Our supreme court recently found in *In re P.S.* that prosecuting a defendant for unlawful possession of a controlled substance (Ill. Rev. Stat. 1991, ch. 56$^{1/2}$, par. 1402(c)) after his car had been forfeited in a civil proceeding pursuant to the Drug Asset Forfeiture Procedure Act (725 ILCS 150/1 *et seq.* (West 1992)) was a violation of the double jeopardy clause. After reviewing this reasoning, the *Fasbinder* court held that the categorical approach used in *P.S.* would not apply in the context of summary license suspensions because civil forfeiture statutes are generally considered punitive, while the goal of the summary suspension statute is to increase highway safety by protecting the public from the special risk of harm presented by impaired drivers. *Fasbinder*, 278 Ill. App. 3d at 857. Further, the government receives a financial benefit from forfeiture provisions that it does not get from the summary suspension of a driver's license. *Fasbinder*, 278 Ill. App. 3d at 857.

■ After distinguishing *P.S.*, the court in *Fasbinder* concluded that the reasoning in *Dvorak* was still applicable and upheld the constitutionality of dual administrative and criminal proceedings. *Fasbinder*, 278 Ill. App. 3d at 857; see also *People v. Eck*, 279 Ill. App. 3d 541, 544-45 (1996) (adopting analysis of "punishment" for double jeopardy purposes used in *Dvorak*). We agree and also find that the defendant's double jeopardy rights in this case were not violated because the "same-elements test" was not satisfied. *Fasbinder*, 278 Ill. App. 3d at 857, citing *P.S.*, 169 Ill. 2d at 273, 661 N.E.2d at 336.

In the criminal prosecution, the State had to prove that defendant was acting under the influence of alcohol. 625 ILCS 5/11—501(a)(2) (West 1994). However, defendant's driver's license was suspended because he refused to submit to a test designed to determine the level of alcohol in his blood; whether he was acting under the influence of alcohol was not at issue in this case. 625 ILCS 5/11—501.1(d) (West 1994). Because the administrative summary

suspension and criminal prosecution required proof of different elements, there was no violation of the double jeopardy clause. See *P.S.*, 169 Ill. 2d at 277, 661 N.E.2d at 337.

For the reasons stated, the judgment of the circuit court of Peoria County is affirmed, and the case is remanded for further proceedings consistent with this order.

Affirmed and remanded for further proceedings.

MICHELA and SLATER, JJ., concur.