THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. DEBBIE FOCIA, Defendant-Appellee.

Third District   No. 3—96—0407

Opinion filed April 18, 1997.

LYTTON, J., specially concurring.
HOLDRIDGE, J., dissenting.

James Glasgow, State's Attorney, of Joliet (John X. Breslin and Judith Z. Kelly, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Paul Gentile, of Orland Park, for appellee.

JUSTICE SLATER delivered the opinion of the court:

The defendant, Debbie Focia, was charged with driving while license suspended. 625 ILCS 5/6—303 (West 1992). The trial court dismissed the charge. The State appeals, and we reverse.

The record reflects that on January 13, 1995, the defendant was charged with driving under the influence of alcohol (DUI). 625 ILCS 5/11—501 (West 1992). Her statutory summary suspension took effect on March 1, 1995. On September 27, 1995, the defendant filed a petition to rescind the statutory summary suspension. Before that petition was heard, she received a ticket for driving while license suspended on November 1, 1995. On November 13, 1995, an agreed order was entered rescinding her statutory summary suspension based upon a due process violation. On November 17, 1995, the Secretary of State notified the defendant that her statutory summary suspension was removed from her driving record and rescinded on that date.

Five months later, the defendant moved to dismiss the charge of driving while license suspended. At a hearing on the motion, the defendant argued that the rescission of her suspension retroactively reinstated her license as of March 1, 1995. The trial court agreed. In its order, the trial court found that if the legislature had intended a rescission of a statutory summary suspension to only have a prospective application, it would have used a word other than "rescission" in the statute. Therefore, the court held that the rescission applied retroactively to March 1, 1995, and dismissed the charge.

On appeal, the State argues that the trial court erred in finding that the rescission order had retroactive effect. The State contends that the statutory summary suspension was still in effect until it was removed from the defendant's driving record on November 17, 1995. Thus, the State argues, the trial court erred in dismissing the charge.

Initially, we note that no appellee's brief has been filed in this case. Nonetheless, we may reach the merits of the case because the record is simple and the claimed error is such that the court can easily decide it without the aid of an appellee's brief. *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 345 N.E.2d 493 (1976).

Here, we find that the trial court erred in holding that the rescission of a statutory summary suspension should be applied retroactively. The Illinois Vehicle Code (Code) (625 ILCS 5/1—100 *et seq.* (West 1994)) allows a defendant to obtain a hearing on a statutory summary suspension before the suspension takes effect. *People v. Esposito*, 121 Ill. 2d 491, 521 N.E.2d 873 (1988). The hearing is triggered by the defendant's filing of a petition to rescind. 625 ILCS 5/2—

118.1(b) (West 1992). Thus, the question of whether a defendant shall suffer the effects of an improper suspension depends largely on her own diligence. *Esposito*, 121 Ill. 2d 491, 521 N.E.2d 873.

Where the defendant does not obtain a hearing before the suspension takes effect, we find that any subsequent rescission should not be applied retroactively. To hold otherwise would condone the defendant's disregard of the law. Moreover, our ruling is consistent with section 2—118.1 of the Code, which states that a pending hearing on a petition to rescind shall not stay the effect of a suspension. 625 ILCS 5/2—118.1(b) (West 1992). This section implies a general legislative intent that suspensions shall remain in full force and effect until proven to be invalid.

Accordingly, the judgment of the circuit court of Will County is reversed.

Reversed.

JUSTICE LYTTON, specially concurring:

When the General Assembly enacted legislation providing for the rescission of statutory summary suspension of driver's licenses (625 ILCS 5/2—118.1 (West 1994)), it failed to provide a definition for "rescission" and failed to state whether such rescissions should apply retroactively. Thus, we are left with the difficult task of giving meaning to the language of the statute. For the reasons stated below, I believe that the charge of driving while license suspended must be reinstated.

When construing the meaning of a disputed statute, this court must ascertain and give effect to the intent of the legislature. *People v. Robinson*, 172 Ill. 2d 452, 457, 667 N.E.2d 1305 (1996). However, in making a determination on the issue before this court, case law provides little guidance. Within different contexts, Illinois courts have assigned a variety of definitions to the term "rescission," including the setting aside of a transaction (*Smith v. First National Bank*, 254 Ill. App. 3d 251, 266, 624 N.E.2d 899, 910 (1993)), termination with restitution (*Lempa v. Finkel*, 278 Ill. App. 3d 417, 426, 663 N.E.2d 158, 164-65 (1996)), restoration of the parties to their prior positions (*Puskar v. Hughes*, 179 Ill. App. 3d 522, 528, 533 N.E.2d 962, 966 (1989)), and declaring a transaction void from inception (*Farmers Automobile Insurance Ass'n v. Pursley*, 130 Ill. App. 2d 980, 985, 267 N.E.2d 734, 738 (1971)). Similarly, "rescind" has been assigned several meanings, including to abrogate, annul, vacate or set aside. *Union Electric Co. v. Illinois Commerce Comm'n*, 39 Ill. 2d 386, 393, 235 N.E.2d 604, 609 (1968).

Despite these disparate definitions of "rescission," it is clear that the trial judge erred in dismissing the charge of driving while license suspended. Defendant's delay in seeking rescission is contrary to the terms and purpose of the statutory scheme established by the General Assembly. Under the statutory time frame, the State is barred from suspending a driver's license until the 46th day after the defendant receives notice that her license will be suspended. 625 ILCS 5/11—501.1(e) (West 1994). During this time, the defendant is entitled to request a hearing and that hearing must be held within 30 days of her request. 625 ILCS 5/2—118.1(a) (West 1994). Thus, the legislature has established a framework where a judicial determination can be made regarding rescission prior to the suspension taking effect. As a result of her own delay, however, defendant failed to take advantage of this time frame.

When a driver continues to drive eight months after her license is suspended, a subsequent rescission order should not apply retroactively. Three considerations guide this determination. First, where statutory language is susceptible of more than one construction, the statute should receive the construction that will effect its purpose rather than defeat it. *Klier v. Siegel*, 200 Ill. App. 3d 121, 124, 558 N.E.2d 583, 586 (1990). The goal of the summary suspension statute is to increase highway safety by protecting the public from the special risk of harm presented by impaired drivers (*People v. Lopeman*, 279 Ill. App. 3d 1058, 1060, 665 N.E.2d 881 (1996)). This goal is not advanced by rewarding drivers who delay in filing petitions to rescind their summary suspensions. Second, the offense of driving while license suspended involves absolute liability. "Conviction requires only proof that the defendant drove in violation of the statute *at the time [her] license was suspended.*" (Emphasis added.) *People v. Stevens*, 125 Ill. App. 3d 854, 855, 466 N.E.2d 1321, 1322 (1984). I have found no authority supporting the proposition that the State is required to disprove the existence of a rescission between the time of arrest and time of trial. Third, as a matter of general law, after learning of a basis for rescinding a transaction, a party who desires rescission must elect to do so with reasonable diligence and disaffirm it within a reasonable time. See *Brandt v. Phipps*, 398 Ill. 296, 75 N.E.2d 757 (1947). The statutory time period provides an indication of reasonableness here. Defendant should not benefit from her own failure to promptly seek rescission.

The judgment of the circuit court of Will County must be reversed. However, in light of the important questions raised by this case and the likelihood that similar issues will arise in other factual

settings, I encourage the legislature to clearly define "rescission" and clarify the issue of retroactivity in this context.

JUSTICE HOLDRIDGE, dissenting:

I respectfully dissent. I would find that the trial court was correct in holding that the rescission of a statutory summary suspension should be applied retroactively.

A rescission is by definition retroactive. The term "rescission" is the past participle of the term "rescind," which is defined as "to void; repeal *** nullify." American Heritage Dictionary 1105 (2d coll. ed. 1985); see also Black's Law Dictionary 1174 (5th ed. 1979) ("[t]o abrogate, annul, avoid, or cancel a contract; *** [n]ot merely to terminate *** but to abrogate it from the beginning and restore parties to relative positions which they would have occupied").

Words used in a statute are to be given their plain, ordinary meaning. *Granite City Division of National Steel Co. v. Pollution Control Board*, 155 Ill. 2d 149, 181 (1993). Giving the plain, ordinary meaning to the term "rescind," I would hold that the circuit court's order rescinding the defendant's statutory summary suspension rendered the suspension void and abrogated from the beginning, *i.e.*, as if it had never been imposed. I would affirm the trial court's order on that basis.

I also do not agree that reversing the trial court in this matter effectuates a goal of protecting the public from the risk of impaired drivers. First, I question whether the statutory summary suspension statute effectuates the goal of getting drivers likely to commit DUI off the road, particularly when the suspension does not take effect until 45 days after the individual is notified of the suspension of his or her license. 625 ILCS Ann. 5/11—501.1(g) (Michie 1995). Second, I question how this goal of the summary suspension statute can be effectuated in this situation where, by virtue of the rescission of the suspension, we must assume that the suspension should never have taken place.

For the reasons discussed, I respectfully dissent.