No. 3--96--0407

_________________________________________________________________

                              IN THE

                              APPELLATE COURT OF ILLINOIS

                              THIRD DISTRICT

                              A.D., 1996

THE PEOPLE OF THE STATE         )  Appeal from the Circuit Court

OF ILLINOIS,                    )  of the 12th Judicial Circuit,

                                )  Will County, Illinois,

     Plaintiff-Appellant,       )  

                                )

     v.                         )  No. 95--TR--71503

                                )  

DEBBIE FOCIA,                   )  Honorable

                                )  Martin Rudman,

     Defendant-Appellee.        )  Judge, Presiding.

_________________________________________________________________

     JUSTICE SLATER delivered the opinion of the court:

_________________________________________________________________

     The defendant, Debbie Focia, was charged with driving while

license suspended.  625 ILCS 5/6--303 (West 1992).  The trial

court dismissed the charge.  The State appeals, and we reverse.   

     The record reflects that on January 13, 1995, the defendant

was charged with driving under the influence of alcohol (DUI). 

625 ILCS 5/11--501 (West 1992).  Her statutory summary suspension

took effect on March 1, 1995.  On September 27, 1995, the

defendant filed a petition to rescind the statutory summary

suspension.  Before that petition was heard, she received a

ticket for driving while license suspended on November 1, 1995. 

On November 13, 1995, an agreed order was entered rescinding her

statutory summary suspension based upon a due process violation. 

On November 17, 1995, the Secretary of State notified the

defendant that her statutory summary suspension was removed from

her driving record and rescinded on that date.    

     Five months later, the defendant moved to dismiss the charge

of driving while license suspended.  At a hearing on the motion,

the defendant argued that the rescission of her suspension

retroactively reinstated her license as of March 1, 1995.  The

trial court agreed.  In its order, the trial court found that if

the legislature had intended a rescission of a statutory summary

suspension to only have a prospective application, it would have

used a word other than "rescission" in the statute.  Therefore,

the court held that the rescission applied retroactively to

March 1, 1995, and dismissed the charge.

     On appeal, the State argues that the trial court erred in

finding that the rescission order had retroactive effect.  The

State contends that the statutory summary suspension was still in

effect until it was removed from the defendant's driving record

on November 17, 1995.  Thus, the State argues, the trial court

erred in dismissing the charge.  

     Initially, we note that no appellee's brief has been filed

in this case.  Nonetheless, we may reach the merits of the case

because the record is simple and the claimed error is such that

the court can easily decide it without the aid of an appellee's

brief.  First Capitol Mortgage Corp. v. Talandis Construction

Corp., 63 Ill. 2d 128, 345 N.E.2d 493 (1976).

     Here, we find that the trial court erred in holding that the

rescission of a statutory summary suspension should be applied

retroactively.  The Illinois Vehicle Code (Code) allows a

defendant to obtain a hearing on a statutory summary suspension

before the suspension takes effect.  People v. Esposito, 121 Ill.

2d 491, 521 N.E.2d 873 (1988).  The hearing is triggered by the

defendant's filing of a petition to rescind.  625 ILCS 5/2--

118.1(b) (West 1992).  Thus, the question of whether a defendant

shall suffer the effects of an improper suspension depends

largely on her own diligence.  Esposito, 121 Ill. 2d 491, 521

N.E.2d 873.  

     Where the defendant does not obtain a hearing before the

suspension takes effect, we find that any subsequent rescission

should not be applied retroactively.  To hold otherwise would

condone the defendant's disregard of the law.  Moreover, our

ruling is consistent with section 2--118.1 of the Code, which

states that a pending hearing on a petition to rescind shall not

stay the effect of a suspension.  625 ILCS 5/2--118.1(b) (West

1992).  This section implies a general legislative intent that

suspensions shall remain in full force and effect until proven to

be invalid.   

     Accordingly, the judgment of the circuit court of Will

County is reversed.

     Reversed.

     JUSTICE HOLDRIDGE, dissenting:

 

     I respectfully dissent.  I would find that the trial court was

correct in holding that the rescission of a statutory summary

suspension should be applied retroactively.  

     A rescission is by definition retroactive.  The term

"rescission" is the past participle of the term "rescind," which is

defined as "to void; repeal *** nullify."  American Heritage

Dictionary 1105 (2d coll. ed. 1985); see also Black's Law

Dictionary 1174 (6th ed. 1990) ("to abrogate, annul, avoid or

cancel *** not merely to terminate *** but to abrogate from the

beginning and restore parties to relative positions they would have

occupied").    

     Words used in a statute are to be given their plain, ordinary

meaning. Granite City Division of the National Steel Co. v.

Pollution Control Board, 155 Ill. 2d 149, (1993).  Giving the

plain, ordinary meaning to the term "rescind," I would hold that

the circuit court's order rescinding the defendant's statutory

summary suspension rendered the suspension void and abrogated from

the beginning, i.e. as if had never been imposed.  I would affirm

the trial court's order on that basis.  

     I also do not agree that reversing the trial court in this

matter effectuates a goal of protecting the public from the risk of

impaired drivers.  First, I question whether the statutory summary

suspension statute effectuates the goal of getting drivers likely

to commit DUI off the road particularly when the suspension does

not take effect until 45 days after the individual is notified of

the suspension of his or her license. (625 ILCS

5/11-501.1(g)(Michie 1995)).  Second, I question how this goal of

the summary suspension statute can be effectuated in this 

situation where, by virtue of the rescission of the suspension, we

must assume that the suspension should never have taken place.    

     For the reasons discussed, I respectfully dissent.  

     JUSTICE LYTTON, specially concurring:

     When the General Assembly enacted legislation providing for

the rescission of statutory summary suspension of drivers licenses

(625 ILCS 5/2-118.1 (West 1994)), it failed to provide a definition

for "rescission" and failed to state whether such rescissions

should apply retroactively.  Thus, we are left with the difficult

task of giving meaning to the language of the statute.  For the

reasons stated below, I believe that the charge of driving while

license suspended must be reinstated.

     When construing the meaning of a disputed statute, this court

must ascertain and give effect to the intent of the legislature. 

People v. Robinson, 172 Ill. 2d 386, 392, 667 N.E.2d 1305, ____

(1996).  However, in making a determination on the issue before

this court, case law provides little guidance.  Within different

contexts, Illinois courts have assigned a variety of definitions to

the term "rescission," including the setting aside of a transaction

(Smith v. First National Bank of Danville, 254 Ill. App. 3d 251,

266, 624 N.E.2d 899, 910 (1993)), termination with restitution

(Lempa v. Finkel, 278 Ill. App. 3d 417, 426, 663 N.E.2d 158, 164-65

(1996)), restoration of the parties to their prior positions

(Puskar v. Hughes, 179 Ill. App. 3d 522, 528, 533 N.E.2d 962, 966

(1989)), and declaring a transaction void from inception (Farmers

Automobile Insurance Association v. Pursley, 130 Ill. App. 2d 980,

985, 267 N.E.2d 734, 738 (1971)).  Similarly, "rescind" has been

assigned several meanings, including to abrogate, annul, vacate or

set aside.  Union Electric Co. v. Illinois Commerce Commission, 39

Ill. 2d 386, 392-93, 235 N.E.2d 604, 609 (1968).

     Despite these disparate definitions of "rescission," it is

clear that the trial judge erred in dismissing the charge of

driving while license suspended.  Defendant's delay in seeking

rescission is contrary to the terms and purpose of the statutory

scheme established by the General Assembly.  Under the statutory

time frame, the State is barred from suspending a driver's license

until the 46th day after the defendant receives notice that her

license will be suspended.  625 ILCS 5/11-501.1(e) (West 1994). 

During this time, the defendant is entitled to request a hearing

and that hearing must be held within 30 days of her request.  625

ILCS 5/2-118.1(a) (West 1994).  Thus, the legislature has

established a framework where a judicial determination can be made

regarding rescission prior to the suspension taking effect.  As a

result of her own delay, however, defendant failed to take

advantage of this time frame.

     When a driver continues to drive eight months after her

licensed is suspended, a subsequent rescission order should not

apply retroactively.  Three considerations guide this

determination.  First, where statutory language is susceptible of

more than one construction, the statute should receive the

construction that will effect its purpose rather than defeat it. 

Klier v. Siegel, 200 Ill. App. 3d 121, 124, 558 N.E.2d 583, 586

(1990).  The goal of the summary suspension statute is to increase

highway safety by protecting the public from the special risk of

harm presented by impaired drivers (People v. Lopeman, 279 Ill.

App. 3d 1058, 665 N.E.2d 881, ___ (1996)).  This goal is not 

advanced by rewarding drivers who delay in filing petition to

rescind their summary suspensions.  Second, the offense of driving

while license suspended involves absolute liability.  "Conviction

requires only proof that the defendant drove in violation of the

statute at the time [her] license was suspended."  People v.

Stevens, 125 Ill. App. 3d 854, 855, 466 N.E.2d 1321, 1322 (1984)

(emphasis added).  I have found no authority supporting the

proposition that the State is required disprove the existence of a

rescission between the time of arrest and time of trial.  Third, as

a matter of general law, after learning of a basis for rescinding

a transaction, a party who desires rescission must elect to do so

within reasonable diligence and disaffirm it within a reasonable

time.   See Brandt v. Phipps, 398 Ill. 296, 75 N.E.2d 757 (1947). 

The statutory time period provides an indication of reasonableness

here.  Defendant should not benefit from her own failure to

promptly seek rescission.

     The judgment of the circuit court of Will County must be

reversed.  However, in light of the important questions raised by

this case and the likelihood that similar issues will arise in

other factual settings, I encourage the legislature to clearly

define "rescission" and clarify the issue of retroactivity in this

context.