NOTICE
Decision filed 01/08/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 240324-U

NO. 5-24-0324

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Champaign County. |
| | ) | |
| v. | ) | No. 23-MT-1717 |
| | ) | |
| MALCOLM K. COMER, | ) | Honorable |
| | ) | Adam M. Dill, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Moore and Boie concurred in the judgment.[*]

**ORDER**

¶ 1    *Held*:  The trial court's dismissal of defendant's driving while license suspended charge is vacated where defendant's due process rights were not violated.

¶ 2    The State appeals the trial court's dismissal of defendant's driving while license suspended charge, arguing that the trial court improperly relied on an alleged due process violation from a separate case. For the following reasons, we vacate the trial court's order dismissing the charge in this case and remand the case for further proceedings.

---

[*]Justice Moore fully participated in the decision prior to his retirement. See *Cirro Wrecking Co. v. Roppolo*, 153 Ill. 2d 6 (1992).

1

¶ 3                                    I. BACKGROUND

¶ 4    On February 2, 2020, defendant was charged with driving under the influence in Champaign County case No. 20-DT-36. On March 2, 2020, defendant filed his first petition to rescind statutory summary suspension in that case. The clerk set a hearing date for the petition to rescind for April 14, 2020. On March 6, 2020, defendant filed a second petition to rescind statutory summary suspension, which was also set for hearing on April 14, 2020. On March 20, 2020, the Sixth Judicial Circuit, which included Champaign and Piatt Counties, entered the first emergency order for Covid-19 due to the pandemic, placing limitations on the types of cases to be heard in the trial courts. The order provided that only mandatory hearings were to be held in the circuit courthouses and specifically included statutory summary suspension hearings as mandatory. Although the emergency order effectively canceled the April hearing date, a hearing on defendant's petitions to rescind statutory suspension was not reset at that time. Defendant's suspension in Champaign County case No. 20-DT-36 ended on March 19, 2021, after he paid the requisite reinstatement fee to the Illinois Secretary of State. On November 15, 2021, the State moved to dismiss case Champaign County case No. 20-DT-36. On September 1, 2023, defendant filed a third petition to rescind statutory summary suspension in case Champaign County case No. 20-DT-36 and a hearing was set for September 20, 2023. On September 20, 2023, the trial court granted defendant's first petition to rescind statutory summary suspension without objection from the State. It denied the second and third petitions as being moot.

¶ 5    On July 25, 2022, defendant was charged with driving under the influence in Piatt County case No. 22-DT-27. The statutory summary suspension in that case was originally set for 12 months, beginning September 7, 2022. However, as a result of the September 20, 2023, rescission of defendant's statutory summary suspension in Champaign County case No. 20-DT-36, the

Secretary of State amended defendant's driving abstract to reduce the suspension to four and a half months in Piatt County case No. 22-DT-27. On April 11, 2023, on the State's motion, case No. 22-DT-27 in Piatt County was dismissed.

¶ 6    On August 21, 2023, defendant was charged with the offense of driving while license suspended in the case before us, Champaign County case No. 23-MT-1717. On September 1, 2023, defendant filed a petition to rescind statutory suspension in Piatt County case No. 22-DT-27. That petition was stricken by the Piatt County trial court for being untimely.

¶ 7    On January 29, 2024, defendant filed a motion to dismiss in the case before us. The motion argued that the trial court failed to set timely a hearing on defendant's original petition to rescind summary suspension that was filed in Champaign County case No. 20-DT-36 on March 2, 2020, and such failure resulted in the denial of defendant's due process rights. It averred that if the trial court had timely set the first petition for hearing in Champaign County case No. 20-DT-36, the duration of defendant's original Piatt County statutory summary suspension in 22-DT-27 would have only been for six months, so his license would have been reinstated at the time he was stopped in this case. It surmised that defendant thus could not have been charged with driving while license suspended in this case on August 21, 2023, because defendant's license would have been valid.

¶ 8    The State filed a response to defendant's motion to dismiss on February 15, 2024. The response argued, *inter alia*, that any violation of defendant's due process rights was remedied when the State did not object to defendant's March 2, 2020, petition to rescind summary suspension in Champaign County case No. 20-DT-36 which was ultimately granted on September 20, 2023. It further argued that, pertaining to Champaign County case No. 20-DT-36, defendant paid his reinstatement fee and filed his application to reinstate his license on March 19, 2021. It averred that this action evidenced that defendant was aware the suspension was still in effect but

3

waited an additional 20 months before filing a third petition to rescind statutory summary suspension in Champaign County case No. 20-DT-36, after the statutory summary suspension took effect in Piatt County case No. 22-DT-27. The response averred that defendant's request for dismissal was a remedy to a civil due process violation and that suggesting that a civil due process violation could be remedied by dismissal of a separate criminal charge was unsupported by case law. The response lastly argued that rescission of a statutory summary suspension was prospective and because defendant's license was actually suspended at the time of the offense in this case, the State had probable cause to proceed on the driving while license suspended charge.

¶ 9　On February 21, 2024, the trial court held a hearing on defendant's motion to dismiss in this case. It took judicial notice of the court's records in this case and Champaign County case No. 20-DT-36, and a portion of the record for Piatt County case No. 22-DT-27. Defendant's driving abstract was also admitted into evidence.

¶ 10　The trial court stated that it considered the evidence presented as well as the arguments of defense counsel and the State. It opined that "[t]hree and a half years is too long for us to ensure that his due process rights are protected in this particular situation." It then found that but for the trial court's violation of defendant's due process rights in Champaign County case No. 20-DT-36, the statutory summary suspension in Piatt County case No. 22-DT-27 would have been in effect for only six months and therefore, the alleged violation in this case would have fallen outside of the six-month period. The trial court then granted defendant's motion to dismiss. The State now appeals.

¶ 11　　　　　　　　　　　　II. ANALYSIS

¶ 12　The question now before us is whether the trial court erred when it granted defendant's motion to dismiss his driving while license suspended charge because the charge violated his right

4

to due process. "Whether a defendant was denied due process and whether that denial was sufficiently prejudicial to require the dismissal of the charges are questions of law, which are reviewed *de novo*." *People v. Smollett*, 2024 IL 130431, ¶ 22.

¶ 13 The State argues that the trial court erred when it granted defendant's motion to dismiss because its consideration of procedural due process was improper. It avers that the dismissal was improperly granted when the trial court relied on an alleged due process violation from a separate case, Champaign County case No. 20-DT-36, as the basis to dismiss the charge of driving while license suspended. It argues that the trial court's holding was erroneous because (1) the proper remedy for the deprivation of due process rights when the defendant's petition to rescind summary suspension failed to proceed to hearing within 30 days after its filing, was the rescission of the suspension, and (2) defendant could be charged with driving while suspended for a violation that occurred before his suspension was rescinded because the rescission of a statutory suspension does not apply retroactively.

¶ 14 The State further argues that defendant is not without fault for the delay in the trial court conducting a statutory summary suspension hearing as he was negligent by failing to ensure the hearing was timely set. It concedes that defendant was not given a hearing within 30 days of his first petition to rescind statutory summary suspension in Champaign County case No. 20-DT-36 due to the Covid-19 shutdowns but avers that defendant had issues with court attendance thereafter.

¶ 15 The State argues in the alternative that if this court finds the delay in holding the rescission hearing in Champaign County case No. 20-DT-36 to be attributable to the State and thus a violation of defendant's due process rights, such violation was cured when the trial court subsequently rescinded the suspension stemming from that case. It asserts that defendant suffered no procedural due process violation for this charge, in Champaign County case No. 23-MT-1717, because at the

5

time he committed the offense, he was not yet authorized to operate a motor vehicle and his driving privileges had not yet been reinstated.

¶ 16    The State avers that the trial court erroneously treated the rescission retroactively when it found that Champaign County case No. 20-DT-36 impacted defendant's driving while license suspended charge in Champaign County case No. 23-MT-1717 and held Champaign County case No. 23-MT-1717 to be invalid. It asserts that the trial court's decision to grant defendant's petition to rescind summary suspension in Champaign County case No. 20-DT-36 should not have had any impact on the prosecution of this case.

¶ 17    Defendant argues that the trial court did not err when it found that under the facts of this case, a dismissal was necessary to prevent a miscarriage of justice. He avers that after the trial court determined that he suffered a prejudicial violation of his due process rights, the trial court's decision to dismiss Champaign County case No. 23-MT-1717 was the appropriate remedy. Citing *People v. Newberry*, 166 Ill. 2d 310, 313-14 (1995), he argues that the trial court had the authority to dismiss the charge because it found that allowing the charge to proceed would have been fundamentally unfair. Defendant asserts that the trial court did not err when it found that his arrest in Champaign County case No. 23-MT-1717, which occurred as a result of the egregious delay of three and a half years in conducting a hearing on defendant's petition to rescind statutory summary suspension in Champaign County case No. 20-DT-36, violated his due process rights. He opines that under the particular facts of this case, the trial court dismissed 23-MT-1717 to prevent a miscarriage of justice which was an act within its inherent authority and discretion.

¶ 18    Under Illinois law, the Secretary of State must suspend the driver's license of anyone who is arrested for the offense of driving under the influence. *People v. Jackson*, 2013 IL 113986, ¶ 4. Pursuant to section 2-118.1(b) of the Illinois Vehicle Code (Code) (625 ILCS 5/2-118.1(b) (West

6

2020)), an individual may request a hearing to rescind the statutory summary suspension and said hearing must be heard "[w]ithin 30 days after receipt of the written request *** by the circuit court having jurisdiction." However, "[t]his judicial hearing, request, or process shall not stay or delay the statutory summary suspension or revocation." *Id.*

¶ 19    " '[T]o comply with due process requirements, the hearing required in section 2-118.1 must be held within the 30 days *** and failure to do so will require rescission of the suspension.' " *People v. Schaefer*, 154 Ill. 2d 250, 262 (1993) (quoting *In re Summary Suspension of Driver's License of Trainor*, 156 Ill. App. 3d 918, 923 (1987)). "Failure to hold a hearing within the required 30 days violates the driver's due process rights," and "[t]he only appropriate remedy is to require the rescission of his suspension." *People v. Johnson*, 202 Ill. App. 3d 809, 811 (1990). Here, defendant submitted his first petition for rescission of his summary suspension in Champaign County case No. 20-DT-36 on March 2, 2020. His hearing on the petition did not occur until well after 30 days, on September 20, 2023, some three and a half years later. On that date, with no objection by the State, the trial court granted defendant's request and rescinded his suspension. Although the time lapse between the filing of the petition to rescind and the ultimate rescission was significant, we agree with the State and find that the appropriate remedy for the violation of defendant's due process rights in Champaign County case No. 20-DT-36 was the rescission of his suspension.

¶ 20    Here, defendant cites *Newberry*, 166 Ill. 2d at 313-14, for his proposition that the trial court's dismissal of the charges in this case was an appropriate remedy because "a trial judge also has inherent authority to dismiss an indictment for reasons other than those listed in section 114-1(a)." "Specifically, the court may exercise such authority ' "when failure to do so will effect a deprivation of due process or result in a miscarriage of justice." ' " *Id.* at 314 (quoting *People v.*

7

*Fassler*, 153 Ill. 2d 49, 58 (1992), quoting *People v. Sears*, 49 Ill. 2d 14, 31 (1971)). However, he does not argue how his due process rights were violated *in this case*. For instance, he does not challenge the efficacy of the traffic stop itself. Rather, he harkens back to the *effect* that the deprivation of his due process rights in Champaign County case No. 20-DT-36 had on this case. We have found no precedent supporting the proposition that the dismissal of a charge in one case is an appropriate remedy for the violation of due process in a separate case. Rather, the case law, including *Newberry*, points only to the dismissal of charges in the case in which the charges were brought. *Newberry*, 166 Ill. 2d at 311; *Smollett*, 2024 IL 130431, ¶ 2; *People v. Stapinski*, 2015 IL 118278, ¶ 52. Therefore, we find that no due process violation occurred in this case.

¶ 21 The offense of driving while license suspended occurs when one "drives or is in actual physical control of a motor vehicle on any highway of this State at a time when such person's driver's license, permit, or privilege to do so or the privilege to obtain a driver's license or permit is revoked or suspended as provided by this Code or the law of another state." 625 ILCS 5/6-303(a) (West 2022). "Driving on a suspended or revoked license is also a strict liability offense." *People v. Ciechanowski*, 379 Ill. App. 3d 506, 511 (2008). This means " '[t]he defendant's intent, knowledge, moral turpitude or motive is immaterial,' and '[t]he only intention necessary to render [him] liable to [criminal] penalty for violation of the automobile law is the doing of the act prohibited.' " *Id.* (quoting *People v. Strode*, 13 Ill. App. 3d 697, 698 (1973)).

¶ 22 Where a hearing on a defendant's petition to rescind statutory summary suspension does not take place before the suspension takes effect, any subsequent rescission should not be applied retroactively. *People v. Focia*, 287 Ill. App. 3d 767, 769 (1997). A pending hearing on a petition to rescind shall not stay the effect of the suspension. *Id.* "Moreover, our ruling is consistent with section 2-118.1 of the Code, which states that a pending hearing on a petition to rescind shall not

8

stay the effect of a suspension." *Id.* (citing 625 ILCS 5/2-118.1(b) (West 1992)). "This section implies a general legislative intent that suspensions shall remain in full force and effect until proven to be invalid." *Id.* The supreme court later analyzed in depth whether the rescission of a statutory summary suspension was to be retroactive or prospective in *People v. Elliott*, 2014 IL 115308. It concluded, "in relation to the crime of driving on a suspended license, the rescission of a statutory summary suspension is of prospective effect only." *Id.* ¶ 21.

¶ 23    Here, the record clearly reflects that defendant's driver's license was suspended on the date he received the citation in this case on August 19, 2023, roughly a month before the trial court rescinded his suspension in Champaign County case No. 20-DT-36. Although the rescission eventually occurred, it occurred well after defendant received the charge herein. As previously stated, the rescission of a statutory summary suspension is of prospective effect only. *Id.* For these reasons, we find that defendant's due process was not violated in this case and thus, the trial court erred in dismissing the charge.

¶ 24                                III. CONCLUSION

¶ 25    For the foregoing reasons, we vacate the trial court's dismissal of the charge in this case and remand the case for further proceedings.

¶ 26    Vacated and remanded.