## Frank T. Smith, Appellee, v. Peter J. Hunter, Appellant.

1. MOTION FOR NEW TRIAL—*what rulings need not be assigned as error therein.* Trial court rulings which appear upon the record need not be assigned as error on motion for new trial, since such errors save themselves unless waived by the party insisting thereon.

2. BILL OF EXCEPTIONS—*when not necessary.* A bill of exceptions

is not necessary to save questions as to the trial court's rulings on the pleadings.

3. DEMURRER—*when properly sustained*. Where, pending litigation on a contract for the sale of land, a contract is made which supersedes the prior one as to possession, special pleas setting up the original contract in an action on the second contract for rent due are demurrable, since the prior contract is no defense to an action on the second concerning possession.

4. SET-OFF—*when vendee not entitled thereto*. Where a contract for the sale of land becomes void by its own terms because of the vendor's inability to furnish a merchantable title, but the vendor sues for rent under a second contract concerning possession made pending litigation as to title, the vendee is not entitled to set-off for damage because of the vendor's failure to furnish such title.

5. CONTRACTS—*when action cannot be brought thereon*. No action can be maintained by either party to a contract which is void *ab initio* or which becomes void by the terms and conditions expressed and agreed to.

6. ERRORS—*when waived*. Alleged errors in holding and refusing propositions of law are waived if not argued.

Action for rent. Appeal from the Circuit Court of Sangamon county; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 15, 1912.

THOMAS L. JARRETT, for appellant.

PATTON & PATTON, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

Appellant and appellee entered into a contract for the sale and transfer of certain real estate; the essential portions of which contract are as follows:

"Articles of Agreement, made and entered into this 4th day of January, A. D. 1908, between Frank T. Smith, party of the first part, and P. J. Hunter, party of the second part, witnesseth: That the party of the first part has this day sold unto the party of the second part, and the party of the second part has this day bought of the party of the first part, for a consideration of fifteen thousand dollars ($15,000) all

that piece and parcel of real estate, situated in the County of Sangamon, State of Illinois, and described as follows, to-wit:

&ast;&ast;&ast;&ast;&ast;&ast;&ast;&ast;&ast;&ast;&ast;&ast;&ast;&ast;&ast;&ast;

"And the party of the second part in consideration of the agreements of the party of the first part hereinafter set forth, agrees to execute and deliver unto the party of the first part on the execution of these presents, his promissory note with Nellie Hunter as surety therein due March 2nd, 1908, in the sum of one thousand dollars ($1,000) with seven per cent. interest thereon after due, and to pay the further sum of seven thousand dollars ($7,000) upon the second day of March, A. D. 1908, upon the execution and delivery of a Warranty Deed by the party of the first part, conveying the said premises unto the party of the second part.

&ast;&ast;&ast;&ast;&ast;&ast;&ast;&ast;&ast;&ast;&ast;&ast;&ast;&ast;&ast;&ast;

"And the party of the first part agrees to furnish unto the party of the second part an abstract of title to said lands, showing a good, merchantable title in the said party of the first part to said lands. In case the party of the first part shall not furnish an abstract of title showing a good, merchantable title, then the said note for the sum of one thousand dollars ($1,000) shall be returned by the party of the first part unto the party of the second part, and in such case this contract shall be null and void, otherwise to remain in full force and effect."

The time for performance was extended to March 11, 1908, when appellant refused to comply with the trade, alleging as his ground for refusal that the abstract of title furnished did not show a merchantable title. His contention in this regard was upheld on a bill for specific performance filed by appellee against appellant, and finally determined in the Supreme Court in Smith v. Hunter, 241 Ill. 514.

Pending the determination of the question as to whether the title was merchantable, appellant and appellee entered into another contract, which is as follows:

"Whereas, a certain contract for sale of certain land by one Frank T. Smith to one Peter J. Hunter was entered into on the 4th day of January, A. D. 1908;

"And whereas, said Hunter claims that such a title as is contemplated by said contract has not been tendered him, and said Smith claims that such a title has been duly tendered;

"And whereas, efforts are now being made by said Smith to satisfy said Hunter as to the title being such title;

"And whereas, said Hunter is now in possession of said lands;

"And whereas, it is the mutual desire of both Smith and Hunter that said lands should be properly cultivated and cared for until said dispute as to the title thereof can be settled.

"Now, therefore, it is agreed by and between said Frank T. Smith and Peter J. Hunter (such agreement to be without prejudice to the rights of the said parties under said contract), that the said Hunter shall remain in possession of said lands until said dispute is terminated either by agreement or litigation;

"And it is further agreed that in case it is finally determined that the title so tendered shall be such title as is contemplated by the said contract the said Hunter shall be considered as having held said lands under and by virtue of the deed executed by said Smith and wife, on the second day of March, A. D. 1908, and tendered to said Hunter.

"And it is further agreed that in case it is finally determined that the title so tendered shall not be such a title as is contemplated by said contract, the said Hunter shall be considered as having held said lands as tenant of said Frank T. Smith upon the following terms and conditions, viz:

"The said Peter J. Hunter shall pay unto the said Frank T. Smith an amount equal to ten ($10.00) dol-

lars per acre per annum for said lands up to and including March 2nd, 1909, and in case the controversy herein shall be finally determined on said second day of March, 1909, a new arrangement shall be then made as to the possession of said lands pending litigation and determination of said controversy.

"It is agreed that said Hunter may make such improvements on said premises as he shall see fit, and shall have the right to remove the same in case upon the final determination of the controversy it shall be held that said Smith cannot make such title to said lands as is contemplated in said contract, of date January 4th, 1908. It being expressly understood that nothing herein contained shall be construed as an admission on the part of said Smith that he is still the owner of said lands, but this form of lease is attached for the purpose of providing for the contingencies mentioned in the attached stipulation and agreement. It is agreed that the lands referred to herein are the lands described in said contract, which is hereby referred to for such description." * * *

Appellant was in possession of the premises at the time of the execution of the second contract and remained in such possession until February, 1910, when he surrendered them to appellee. Appellant paid to appellee the rent due for the year commencing March, 1908, but denies liability to pay any rent for the year commencing March, 1909.

This action is brought to recover rent for the year 1909. The declaration consisted of one special count on the second contract or lease and the common counts; appellant pleaded two special pleas and the general issue. In the special pleas appellant avers that the lease contract expired by its own terms on the second day of March, 1909, and that no new arrangement was made by virtue of which appellant was to retain possession of the premises, and that he entered the premises under the contract of purchase, the essential parts of which have been hereinbefore set out, and after

March 2, 1909, held possession as purchaser and not as a tenant, that the relation of landlord and tenant did not then exist, and that appellee having failed to comply with the terms of this contract to furnish merchantable title, appellant is not liable for any rent for the year 1909.

The court sustained a demurrer to each of the special pleas, and thereupon appellant filed a plea of set-off, claiming damages to appellant by reason of the failure of appellee to carry out the terms and conditions of the contract of sale, based on the difference between the contract price and the market value, also pleading set off under common counts. Issue was joined on these pleas, appellant withdrew the plea of general issue, and assumed the burden of proof. Trial was had by the court without a jury, the court found the issues for the plaintiff and rendered judgment against defendant for $873.30, from which appellant appeals.

Appellant insists as a cause of reversal that the court erred in sustaining demurrers to the special pleas, in holding and refusing the propositions of law submitted to it, in finding the issues for the plaintiff, and rendering judgment against the defendant.

Upon the contention that the court erred in sustaining demurrers to the first and second special pleas, it is insisted by appellee that this question cannot be raised in this court for the reason that no error in the ruling thereon was assigned in the written motion for a new trial.

It is unnecessary in a motion for a new trial to assign as error any ruling of the trial court which appears upon the record, all errors in the record proper properly save themselves, unless waived by some act of the party insisting thereon; a bill of exceptions is never necessary to save a question of the ruling of the trial court upon the pleadings. Cella v. C. & W. I. R. R. Co., 217 Ill. 326.

The original contract for the sale of these prem-

ises entered into between appellant and appellee, was, so far as possession of the premises is concerned, modified by the contract of date March 25, known as the lease contract, and this contract having been made subsequent to the one of date January 4, 1908, supersedes that contract in regard to occupation and possession of the premises, and thereafter appellant was in possession of these premises under and by virtue of the contract of date March 25, 1908, and the declaration having declared upon that contract, and the special pleas filed by appellant, to which demurrers were sustained, pleaded the contract of January 4, this contract could not be made a defense to an action on the contract of March 25, and the pleas failed to answer the allegations of the declaration, and the demurrer was properly sustained to them.

Upon the contention that appellant was entitled to set off against this cause of action any damage occasioned to him by reason of failure on the part of appellee to fulfil the contract of sale; that contract provided that if the title offered by appellee was not a merchantable title, then the contract should be void and the $1,000 note should be returned. The title was by the Supreme Court held not to be merchantable; the contract, thereupon, became void under and by virtue of its own conditions and terms agreed to by appellant and appellee and the $1,000 note was returned. Where a contract is void *ab initio,* or where it becomes void by the terms and conditions therein expressed and agreed to by the parties, no action can be maintained thereon by either party; and appellant cannot maintain his plea of set-off.

While errors are assigned upon the rulings of the court in holding and refusing propositions of law, no argument is presented by appellant in support of the same, they are therefore waived and are not before this court for consideration.

We find no error in this record, and the judgment is affirmed.

*Affirmed.*