# ILLINOIS OFFICIAL REPORTS

## Appellate Court

*People v. Elliott*, 2012 IL App (5th) 100584

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID K. ELLIOTT, Defendant-Appellant. |
| District & No. | Fifth District<br>Docket No. 5-10-0584 |
| Filed | November 1, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's conviction for driving while his license was suspended was reversed on the ground that the suspension was rescinded a few days after the citation was issued, even though the suspension commenced shortly before the citation was issued, since the rescission of the suspension constituted a finding that the suspension was void from its inception. |
| Decision Under Review | Appeal from the Circuit Court of Perry County, No. 09-TR-2334; the Hon. James W. Campanella, Judge, presiding. |
| Judgment | Reversed. |

| Counsel on Appeal | Edward W. Unsell, of Law Office of Edward W. Unsell, of East Alton, for appellant. |
|---|---|
| | David Stanton, State's Attorney, of Pinckneyville (Patrick Delfino, Stephen E. Norris, and Neha Sharma, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE GOLDENHERSH delivered the judgment of the court, with opinion. Justices Welch and Chapman concurred in the judgment and opinion. |

**OPINION**

¶ 1    Defendant, David K. Elliott, was issued a citation in Perry County for driving on a suspended driver's license. The circuit court entered a judgment of guilt. On appeal, defendant raises the issue of whether the conviction was proper given that his statutory summary suspension was rescinded.

¶ 2    We reverse.

FACTS

¶ 3

¶ 4    From August through October 2009, defendant was the subject of two traffic stops and several court proceedings related to his driving privileges. The first traffic stop was on August 26, 2009. After the stop, defendant was issued a citation for driving under the influence (DUI), and a complaint for DUI was filed in Jackson County.

¶ 5    On September 1, 2009, counsel for defendant filed a petition for rescission of statutory summary suspension. On September 3, 2009, the circuit clerk sent notice setting the petition for a hearing on September 21, 2009. On September 11, 2009, the State filed a confirmation of statutory summary suspension setting the suspension to start on October 11, 2009. On September 17, 2009, defendant filed a motion to continue, and the following day the court granted a continuance with delay attributable to defendant. The clerk was instructed to set the matter for a hearing on October 5, 2009. On September 21, 2009, the court again continued the matter, this time to October 19, 2009. The docket entry of the court does not reflect who requested the delay.

¶ 6    In October, the matter of defendant's statutory summary suspension was resolved by the circuit court of Jackson County. On October 11, 2009, 45 days after the notice of statutory summary suspension was issued, the suspension commenced. On October 19, 2009, the circuit court heard the petition. A docket entry on that date indicates that the petition was

granted and the court ordered rescission of the suspension. On October 23, 2009, the Secretary of State entered a "Notice/Order of Rescind."

¶ 7    In the same month, defendant was issued a citation in an adjacent county that eventually led to this appeal. On October 13, 2009, defendant was stopped while driving in Perry County and issued a citation for driving while license suspended. 625 ILCS 5/6-303 (West 2008). The traffic stop was after the commencement of the summary suspension of October 11, 2009, but before the hearing and the order to rescind issued October 19, 2009. On November 22, 2010, the circuit court of Perry County entered an order finding defendant guilty of driving on a suspended license and ordering defendant to pay a fine and serve either 10 days in jail or 30 days of community service.

¶ 8    Defendant appeals.

¶ 9                                    ANALYSIS

¶ 10    Upon refusing to submit to testing for DUI, defendant was issued a notice of statutory summary suspension. The notice informed defendant that his driver's license would be suspended beginning in 46 days. 625 ILCS 5/11-501.1, 2-118.1 (West 2008). In this case, defendant filed a petition to rescind his suspension before it took effect, but the ruling on the petition was not handed down until after defendant had been issued a citation for driving on a suspended driver's license.

¶ 11    Section 2-118.1 of the Illinois Vehicle Code (Vehicle Code) sets forth the standards for a petition to rescind. A driver may petition the court within 90 days of the notice for a hearing to contest the statutory suspension. 625 ILCS 5/2-118.1(b) (West 2008). The court is required to hold a hearing within 30 days of receipt of the driver's petition or the first appearance date for the DUI ticket. 625 ILCS 5/2-118.1(b) (West 2008). "[The] hearing, request, or process shall not stay or delay the statutory summary suspension." 625 ILCS 5/2-118.1(b) (West 2008).

¶ 12    The scope of the hearing is limited. 625 ILCS 5/2-118.1(b)(1)-(4) (West 2008). Section 2-118.1 limits the scope of a hearing on a petition to rescind to: (1) whether the defendant was placed under arrest for driving under the influence; (2) whether the arresting officer had reasonable grounds to believe that the defendant was driving under the influence; (3) whether, after being advised that the privilege to operate a motor vehicle would be suspended if he refused to submit to blood-alcohol testing, the defendant refused to submit to such a test; and (4) whether, after being so advised, the defendant submitted to such testing and the test revealed a blood-alcohol concentration of 0.08 or greater. *People v. Grabeck*, 2011 IL App (2d) 100599, ¶ 13, 962 N.E.2d 620.

¶ 13    Section 2-118.1 also prescribes the relief that can be granted:

"Upon the conclusion of the judicial hearing, the circuit court shall sustain or rescind the statutory summary suspension ***." 625 ILCS 5/2-118.1(b) (West 2008).

¶ 14    The issue at hand is one of statutory construction. As such, our review is *de novo* and controlled by certain principles of law. *People v. Johnson*, 2011 IL 111817, ¶ 15, 959 N.E.2d 1150. The primary objective of statutory interpretation is to give effect to the intent of the

legislature. *People v. Williams*, 239 Ill. 2d 503, 506, 942 N.E.2d 1257, 1260 (2011). The starting point for any inquiry is the language of the statute at issue. *People v. Garcia*, 241 Ill. 2d 416, 421, 948 N.E.2d 32, 35 (2011). Courts are to give effect to the intent of the legislature by adhering to the plain and ordinary meaning of legislation. *People v. Howard*, 233 Ill. 2d 213, 218, 909 N.E.2d 724, 727-28 (2009). Courts are to consider a statute in its entirety with an eye to the subject it addresses and apparent objective in enacting the legislation. *People v. Davis*, 199 Ill. 2d 130, 135, 766 N.E.2d 641, 644 (2002). Each word is to be given a reasonable meaning and not rendered superfluous. *People v. Jackson*, 2011 IL 110615, ¶ 12, 955 N.E.2d 1164. If the plain language reveals legislative intent, then no other interpretative aids should be applied. *People v. Young*, 2011 IL 111886, ¶ 11, 960 N.E.2d 559.

¶ 15    The plain language of section 2-118.1 controls our disposition. The statute limits the authority of the trial court to two possible dispositions–to "sustain or rescind the statutory summary suspension." 625 ILCS 5/2-118.1(b) (West 2008). The trial court ordered the suspension rescinded.

¶ 16    The act of rescinding is not simply to terminate. Both common usage and the operation of the term in legal proceedings impute an intention to undo an action so that it never existed. The common meaning is defined as:

> "**rescind *** 1 :** to do away with: take away: REMOVE (~ this needless outlay) **2 a :** to take back: ANNUL, CANCEL (refused to ~ his harsh order) **b :** to abrogate (a contract) by tendering back or restoring to the opposite party what one has received from him (as in cases of fraud, duress, mistake, or minority) **3 :** to vacate or make void (as an act) by the enacting or a superior authority : REPEAL (~ a law) (~ a judgment) ***." Webster's Third New International Dictionary 1930 (1986).

¶ 17    The concept of rescission has developed in the law as a mechanism for the retroactive erasure of a contract. Black's Law Dictionary defines "Rescission of contract":

> "To abrogate, annul, avoid, or cancel a contract; particularly, nullifying a contract by the act of a party. The right of rescission is the right to cancel (rescind) a contract upon the occurrence of certain kinds of default by the other contracting party. To declare a contract void in its inception and to put an end to it as though it never were. [Citation.] A 'rescission' amounts to the unmaking of a contract, or an undoing of it from the beginning, and not merely a termination, and it may be effected by mutual agreement of parties, or by one of the parties declaring rescission of contract without consent of other if a legally sufficient ground therefor exists, or by applying to courts for a decree of rescission." Black's Law Dictionary 1306 (6th ed. 1990).

¶ 18    Illinois has adopted the definition provided by Black's Law Dictionary. *Horan v. Blowitz*, 13 Ill. 2d 126, 132, 148 N.E.2d 445, 449 (1958). In certain circumstances, merely claiming a right to rescission is insufficient to defeat the procedure for addressing contract disputes. See *Allianz Insurance Co. v. Guidant Corp.*, 373 Ill. App. 3d 652, 675, 869 N.E.2d 1042, 1062 (2007) (claim for rescission did not negate duty to cooperate in declaratory judgment action); *Cusamano v. Norrell Health Care, Inc.*, 239 Ill. App. 3d 648, 653, 607 N.E.2d 246, 250 (1992) (claim for rescission did not remove question of arbitrability from arbitrator). In

addressing such procedural objections, a court is not to presume that a contract never existed. See *Allianz Insurance Co.*, 373 Ill. App. 3d at 675, 869 N.E.2d at 1062; *Cusamano*, 239 Ill. App. 3d at 653, 607 N.E.2d at 250. Nonetheless, "[w]hen a contract is rescinded, it is as if the contract never existed in the first place." *YPI 180 N. LaSalle Owner, LLC v. 180 N. LaSalle II, LLC*, 403 Ill. App. 3d 1, 5, 933 N.E.2d 860, 863 (2010).

¶ 19    In reaching this decision, we are aware of apparent conflict with other districts. *People v. Focia*, 287 Ill. App. 3d 767, 768, 679 N.E.2d 121, 122 (1997); *People v. Ciechanowski*, 379 Ill. App. 3d 506, 510, 884 N.E.2d 714, 718 (2008). *Focia*, and arguably *Ciechanowski*, indicates that a conviction for driving with a suspended license may stand even if the suspension is rescinded.

¶ 20    In *Focia*, the defendant was charged with driving while her license was suspended. After her statutory summary suspension was rescinded, the trial court dismissed the charge for driving while suspended. The Third District found that the rescission did not apply retroactively and reversed. *Focia*, 287 Ill. App. 3d at 768, 679 N.E.2d at 123. The opinion of the court reasoned that whether the defendant suffered "the effects of an improper suspension depends largely on her own diligence." *Focia*, 287 Ill. App. 3d at 769, 679 N.E.2d at 123. In reversing, *Focia* noted that the Vehicle Code allows a person charged with DUI to obtain a hearing on her statutory summary suspension before the suspension goes into effect.

¶ 21    *Focia* reasoned that retroactive application "would condone the defendant's disregard of the law." *Focia*, 287 Ill. App. 3d at 769, 679 N.E.2d at 123. *Focia* also found that the provision of the Vehicle Code which provides that a pending hearing on a petition to rescind shall not stay the effect of a suspension implies a general legislative intent that suspensions should be given full effect until they are proven invalid. *Focia*, 287 Ill. App. 3d at 769, 679 N.E.2d at 123; 625 ILCS 5/2-118.1(b) (West 1992).

¶ 22    The dissent succinctly posited:

"Words used in a statute are to be given their plain, ordinary meaning. [Citation.] Giving the plain, ordinary meaning to the term 'rescind,' I would hold that the circuit court's order rescinding the defendant's statutory summary suspension rendered the suspension void and abrogated from the beginning, *i.e.*, as if it had never been imposed. I would affirm the trial court's order on that basis." *Focia*, 287 Ill. App. 3d at 771, 679 N.E.2d at 124 (Holdridge, J., dissenting).

¶ 23    The dissent's statement accurately resolves the issue at hand. Put simply, the plain language of section 2-118.1 controls our disposition. The dissent also briefly addressed the policy concerns that were the basis for the opinion of the court, reasoning that giving effect to the suspension does not effectuate the goal of protecting the public from impaired drivers. After all, how could the goals of statutory summary suspension be served in instances where "the suspension should never have taken place." *Focia*, 287 Ill. App. 3d at 771, 679 N.E.2d at 124 (Holdridge, J., dissenting).

¶ 24    In contrast to the opinion of the court, the special concurrence in *Focia* addressed the meaning of "to rescind." The concurrence noted that Illinois courts have given "disparate definitions" to the terms "rescind" and "rescission." *Focia*, 287 Ill. App. 3d at 769-70, 679

N.E.2d at 123 (Lytton, J., specially concurring) (citing *Smith v. First National Bank of Danville*, 254 Ill. App. 3d 251, 266, 624 N.E.2d 899, 910 (1993); *Lempa v. Finkel*, 278 Ill. App. 3d 417, 426, 663 N.E.2d 158, 164-65 (1996); *Puskar v. Hughes*, 179 Ill. App. 3d 522, 528, 533 N.E.2d 962, 966 (1989); *Farmers Automobile Insurance Ass'n v. Pursley*, 130 Ill. App. 2d 980, 985, 267 N.E.2d 734, 738 (1971); *Union Electric Co. v. Illinois Commerce Comm'n*, 39 Ill. 2d 386, 393, 235 N.E.2d 604, 609 (1968)).

¶ 25    While these cases do offer disparate definitions of the term, they do not suggest vagueness or ambiguity. Each case recognizes that rescission is an attempt to erase an act or contract from its inception. *Smith*, 254 Ill. App. 3d at 266, 624 N.E.2d at 910 ("A party who seeks to rescind a contract must return the entire consideration received under the contract so the other party may be placed in the same position it was in before the contract was entered into."); *Lempa*, 278 Ill. App. 3d at 426, 663 N.E.2d at 165 ("Generally, a contract may be rescinded only where the court is able to place each side in the status quo *ante*, the status before the contract."); *Puskar*, 179 Ill. App. 3d at 528, 533 N.E.2d at 966 ("Plaintiffs correctly note that inherent in the remedy of rescission is the return of the parties to their proper precontract positions. Rescission is an equitable doctrine, and a party seeking rescission must restore the other party to the status quo existing at the time the contract was made."); *Pursley*, 130 Ill. App. 2d at 985, 267 N.E.2d at 738 (rescission is not merely cancellation but declares agreement void from inception); *Union Electric Co.*, 39 Ill. 2d at 392, 235 N.E.2d at 608-09 (" 'The power to rescind a certificate is greater in extent and scope than the power to alter or modify.' " (quoting *Black Hawk Motor Transit Co. v. Illinois Commerce Comm'n*, 398 Ill. 542, 553, 76 N.E.2d 478, 484 (1947))).

¶ 26    The First District relied on *Focia* in *Ciechanowski*. *People v. Ciechanowski*, 379 Ill. App. 3d 506, 513-15, 884 N.E.2d 714, 720-22 (2008). In *Ciechanowski*, the defendant was convicted of aggravated driving under the influence and sentenced to 10 days of imprisonment and 30 months of probation. The defendant was found to have driven under the influence during a period in which his driving privileges were suspended for refusal to submit to tests from a previous DUI (625 ILCS 5/11-501(c-1)(1) (West 2004)).

¶ 27    In *Ciechanowski*, the second DUI was issued within a month of the statutory summary suspension taking effect. A month later the court granted a petition to rescind the statutory suspension from the first DUI based on a failure to issue proper warnings before offering sobriety tests. A certified copy of the abstract of the defendant's driving record was admitted into evidence along with the trial court order rescinding the defendant's statutory suspension from the first DUI arrest. The parties stipulated to admission of the order of rescission "solely for the purpose of establishing the DUI as an aggravated DUI and not as a defense to driving while defendant's driving privileges were suspended." *Ciechanowski*, 379 Ill. App. 3d at 510, 884 N.E.2d at 718. *Ciechanowski* affirmed the conviction.

¶ 28    The focus of *Ciechanowski* was not on the requirement of section 2-118.1 that "the circuit court shall sustain or rescind the statutory summary suspension." 625 ILCS 5/2-118.1(b) (West 2004). Instead, *Ciechanowski* asserted that the broader context of the Vehicle Code called for a driver to be responsible for any driving while suspended, even if the statutory suspension was improper.

¶ 29    Underlying *Ciechanowski* was a recognition that statutory summary suspension of a driver's license was a civil sanction, not a criminal punishment. *Ciechanowski* noted the distinction between the crime of DUI and a statutory summary suspension. Although a properly issued driver's license is a property interest which may not be taken away without due process, *Ciechanowski* noted that adequate protection is met by a limited civil hearing which need not take place before the statutory suspension. *Ciechanowski*, 379 Ill. App. 3d at 511, 884 N.E.2d at 719. Nonetheless, *Ciechanowski* noted that a driver may avoid an improper suspension from ever taking place because a court must hold a hearing within 30 days of a petition to rescind, while the suspension may not take effect until 46 days after notice is given. Moreover, *Ciechanowski* pointed out that any scheduled hearing or request " 'shall not stay or delay the statutory summary suspension.' " *Ciechanowski*, 379 Ill. App. 3d at 512, 884 N.E.2d at 720 (quoting 625 ILCS 5/2-118.1(b) (West 2004)). *Ciechanowski* concluded that this meant the existence of an improper suspension "depends largely on the driver's diligence." *Ciechanowski*, 379 Ill. App. 3d at 512, 884 N.E.2d at 720.

¶ 30    *Ciechanowski* adopted the reasoning of *Focia*. *Ciechanowski* contended that *Focia* properly reasoned "that the statutory scheme in the Vehicle Code implied a legislative intent that the suspension was to have full force and effect until it was proven to be invalid." *Ciechanowski*, 379 Ill. App. 3d at 513, 884 N.E.2d at 720 (citing *Focia*, 287 Ill. App. 3d at 769, 679 N.E.2d at 123). *Ciechanowski* asserted that deviating from the approach of *Focia* would permit a defendant to delay filing a petition.

¶ 31    *Ciechanowski* criticized the dissent in *Focia*. First, *Ciechanowski* reasoned that the 45-day wait is part of a larger scheme that protects due process, as a driver has the opportunity to stop improper suspension. *Ciechanowski*, 379 Ill. App. 3d at 514, 884 N.E.2d at 721.

¶ 32    More significantly, in discussing the dissent, *Ciechanowski* addressed the use of the term "to rescind." *Ciechanowski* contended that the legislature used the phrase for a specific and limited purpose. *Ciechanowski* reasoned that since a statutory summary suspension pertains only to the driver's license conferred by the Secretary of State, and a driver may separately be criminally convicted of DUI, a rescission only impacts driving privileges. *Ciechanowski*, 379 Ill. App. 3d at 514, 884 N.E.2d at 721. *Ciechanowski* continued:

"Because this is a function of the Secretary of State, the definition of the term 'rescission' is located in the Illinois Administrative Code, which defines rescission as 'to annul or void a suspension, revocation, cancellation or denial.' 92 Ill. Adm. Code § 1040.100(a), amended at 25 Ill. Reg. 6402 (eff. April 26, 2001). This definition describes the effect of the rescission on a defendant's driving privileges and driving record. For instance, the record in this case discloses that after defendant's suspension resulting from his March 3, 2005, DUI arrest was rescinded, he was issued an amended notice of suspension for the suspension applicable here which changed his status from a repeat offender to a first-time offender.

However, this definition of rescission must be limited to that purpose. Examination of the procedure set forth in the Vehicle Code makes clear that unless a suspension is rescinded prior to its effective date, the suspension is to take effect and remain in effect for the prescribed duration or until it is rescinded. See 625 ILCS 5/2-118.1(b), 6-208.1(a)

(West 2004). Indeed, in construing a statutory scheme, the court's goal is to ascertain and give effect to the intent of the legislature. *People v. Perry*, 224 Ill. 2d 312, 323, 864 N.E.2d 196, 204 (2007). As the majority in *Focia* recognized, to apply the rescission retroactively would be to ignore the time frame established by the legislature in section 2-118.1(b) of the Vehicle Code. *Focia*, 287 Ill. App. 3d at 769, 679 N.E.2d at 123." *Ciechanowski*, 379 Ill. App. 3d at 514-15, 884 N.E.2d at 721-22.

¶ 33    *Ciechanowski* proceeded to find that the statutory summary suspension was voidable, not void *ab initio*. *Ciechanowski* pointed out that the Secretary of State has authority to enter statutory summary suspensions and that even an improper suspension will take effect unless and until a driver acts to annul the suspension. From this, *Ciechanowski* concluded that "we cannot say that an improper suspension is void *ab initio*." *Ciechanowski*, 379 Ill. App. 3d at 516, 884 N.E.2d at 722.

¶ 34    The holding of *Ciechanowski* does not guide our decision for several reasons. As a starting point, the issue presented in *Ciechanowski* is distinct from the case at hand. In *Ciechanowski*, the court was asked to determine whether the defendant's criminal conviction for aggravated DUI was proper given that the suspension for the first DUI was rescinded. *Ciechanowski* asserts that the rescission merely altered the "status" of the driver for administrative purposes and not for a criminal conviction. *Ciechanowski*, 379 Ill. App. 3d at 514-15, 884 N.E.2d at 721-22. Specifically, *Ciechanowski* indicated that this "status" was relevant only to the effect of the second summary suspension and that this problem was solved by the issuance of an amended notice for the second summary suspension. *Ciechanowski*, 379 Ill. App. 3d at 514-15, 884 N.E.2d at 721-22. *Ciechanowski* was not concerned with the issue in the instant case. As *Ciechanowski* concerned a criminal charge, it could describe the rescission as affecting both "driving privileges and driving record" without addressing the effect on privileges. *Ciechanowski*, 379 Ill. App. 3d at 514, 884 N.E.2d at 721.

¶ 35    Moreover, the distinction made in *Ciechanowski* between void *ab initio* and voidable was not made in the context of rescission. *Ciechanowski* concluded that the suspension was voidable, but did not analyze how a citation for driving while suspended could rest on a rescinded, or voided, suspension. For purposes of rescission, the voiding of an instrument is applied retroactively. *Illinois State Bar Ass'n Mutual Insurance Co. v. Coregis Insurance Co.*, 355 Ill. App. 3d 156, 165, 821 N.E.2d 706, 713 (2004).

¶ 36    Illinois has addressed this distinction in the context of rescission of insurance contracts. For purposes of rescission, the distinction between voidable and void *ab initio* is a matter of whether a party can ratify or elect to not void a contract:

"The difference between a contract that is void *ab initio* and one that is merely voidable is that 'a voidable contract can be ratified and enforced by the obligor, although not by the wrongdoer, while the void contract cannot be.' *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 234 Ill. App. 3d 1017, 1023, 601 N.E.2d 803 (1992), citing Restatement of Contracts § 475, Comment *b* (1932), *rev'd*, *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 619 N.E.2d 732 (1993); see also *Smith v. Hunter*, 171 Ill. App. 30, 36 (1912) (stating where 'a contract is void *ab initio*, or where

it becomes void by the terms and conditions therein expressed and agreed to by the parties, no action can be maintained thereon by either party'). In other words, a contract that is void *ab initio* is treated as though it never existed; neither party can choose to ratify the contract by simply waiving its right to assert the defect. On the other hand, if a contract is merely voidable, a party can either opt to void the contract based upon that defect or choose, instead, to waive that defect and ratify the contract despite it." *Coregis Insurance Co.*, 355 Ill. App. 3d at 164-65, 821 N.E.2d at 713.

¶ 37    Defendant did not waive his right to seek rescission. In contract law, a rescission must be sought promptly, but the promptness of a party's action to rescind is defined by the terms of the contract, which often incorporate relevant statutory requirements. See *Coregis Insurance Co.*, 355 Ill. App. 3d at 165, 821 N.E.2d at 713; *American Service Insurance Co. v. United Automobile Insurance Co.*, 409 Ill. App. 3d 27, 35, 947 N.E.2d 382, 390 (2011). For example, a rescission of an insurance contract can be sought even after the occurrence of the event triggering coverage if the rescission is otherwise timely under the contract. See *American Service Insurance Co.*, 409 Ill. App. 3d at 36, 947 N.E.2d at 390; see also *Coregis Insurance Co.*, 355 Ill. App. 3d at 170, 821 N.E.2d at 717 (insurer waited over a year after learning of misrepresentation before seeking rescission).

¶ 38    Likewise, the plain language of the Vehicle Code establishes the time a driver has to seek rescission. Under section 2-118.1, a driver has 90 days from a notice of suspension to make a written request to the circuit court stating "the grounds upon which the person seeks to have the statutory summary suspension rescinded." 625 ILCS 5/2-118.1(b) (West 2008). The timeliness of defendant's petition to rescind is controlled by this plain language, and not the occurrence of his having received a citation for suspension.

¶ 39    Nor did defendant engage in a collateral attack. *Ciechanowski* cited *Mitchell*, which stands for the principle that an order cannot be collaterally attacked unless it is void *ab initio*. *Ciechanowski*, 379 Ill. App. 3d at 516, 884 N.E.2d at 722 (citing *In re Marriage of Mitchell*, 181 Ill. 2d 169, 174, 692 N.E.2d 281, 284 (1998)). In the case at hand, the hearing on the citation for suspension concerned the effect to be given to a voided or rescinded suspension, not whether the suspension should be voided.

¶ 40    The proceedings in Perry County were not a collateral attack. Instead, defendant had the statutory summary suspension voided through the limited grounds for rescission under section 2-118.1 in Jackson County and then directly attacked the citation for driving while suspended in Perry County. As the summary suspension was rescinded, the citation could not stand.

¶ 41    On appeal, defendant also argues that the trial court improperly overruled his objection to the introduction of his certified driving abstract. This court need not address the issue, as defendant's conviction for driving while suspended is reversed.

¶ 42    Accordingly, the judgment of the circuit court of Perry County is hereby reversed, and defendant's conviction for driving on a suspended license is hereby vacated.

¶ 43    Reversed.